**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

|  |  |  |
|---|---|---|
| **LPC PROPERTY MANAGEMENT, LLC** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.: GJH-19-2576** |
| | * | |
| **ERICK FELTON,** | * | |
| **CYNTHIA FELTON** | * | |
| **Defendants.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Plaintiff LPC Property Management, LLC ("LPC"), as agent for the owner of Riverview Village Apartments, brought this action against Defendants Erick Felton and Cynthia Felton seeking a judgment for unpaid rent and an order of eviction. ECF No. 1. Now pending before the Court is the Plaintiff's Motion for Default Judgment. ECF No. 10. No hearing is necessary. Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion for Default Judgment is granted, in part, and denied, in part, and judgment is entered against Defendants in the total amount of $16,916.10, and Plaintiff will be provided with fourteen days to supplement its request for attorneys' fees and costs.

**I.    BACKGROUND[1]**

Plaintiff LPC is a Maryland limited liability corporation that owns and/or operates the multi-family housing community known as Riverview Village Apartments, located on the Naval Support Facility Indian Head military base ("NSFIH"), in Indian Head, Maryland, under the

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Department of Defense Military Housing Privatization Initiative, 10 U.S.C. §§ 2871, et seq. ECF No. 1 ¶ 1. Defendants Erick Felton and Cynthia Felton are civilians who entered into a Lease Agreement with Plaintiff on or about September 26, 2018, to rent the premises known as 3939 Welsh Street, Indian Head, Maryland 20640 ("Premises"). *Id.* ¶ 2. Pursuant to the terms of the Lease Agreement, Defendants agreed to pay monthly rent in the amount of $2,199.00 in order to occupy the Premises and to pay a late charge of $25.00 if the rent was not paid by the fifth calendar day after the due date. *Id.* ¶ 5–6. The Lease Agreement also stated that if either party was required to pursue legal action to enforce the terms of the Lease Agreement, the prevailing party would recover attorneys' fees and court costs. ECF No. 1-1 at 7. On August 28, 2018, after Defendants failed to timely pay rent, Plaintiff provided Defendants with written notice of the delinquent balance on their account and informed Defendants that if the balance was not satisfied within three days, Plaintiff would proceed with legal action to repossess the Premises. ECF No. 1 ¶ 8; ECF No. 1-3. Plaintiff did not satisfy the balance and did not leave the Premises. ECF No. 1 ¶ 9.

On September 23, 2019, Plaintiff filed a complaint for breach of contract and eviction from federal property against Defendants. ECF No. 1. Plaintiff effected service on Defendants on November 17, 2019. ECF No. 7. Defendants did not file a response. On February 13, 2020, Plaintiff filed a Motion for Clerk's Entry of Default, ECF No. 9, and a Motion for Default Judgment, ECF No. 10. The Clerk entered an Order of Default on August 17, 2020. ECF No. 11.

## II.    STANDARD OF REVIEW

The Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co*., 11 F.3d 450, 453 (4th Cir. 1993); *see Tazco, Inc. v. Director, Office of Workers' Compensation Program*, 895 F. 2d 949, 950 (4th Cir. 1990). However, that policy is

not absolute. Default judgment "is appropriate when the 'adversary process has been halted because of an essentially unresponsive party.'" *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

Upon the moving party's request, Federal Rule of Civil Procedure 55(a) allows the Clerk of the Court to enter an order of default against a defendant who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After a default has been entered, Rule 55(b)(2) authorizes the Court "to enter a default judgment against the defaulting party for the amounts claimed and costs." *Guardian Life Ins. Co. of Am. v. Spencer*, No. 5:10CV000Q4, 2010 WL 3522131, at *3 (W.D. Va. Sept. 8, 2010) (citing Fed. R. Civ. P. 55(b)(2)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent determination regarding damages[.]" *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

3

### III.    DISCUSSION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 insofar as the lease agreement at issue involves a home located at NSFIH, a military installation under exclusive federal subject matter jurisdiction. *See* ECF No. 1 ¶ 3. Venue is proper under 28 U.S.C. § 1391(b), as the Lease Agreement between Plaintiff and Defendants was entered into at and involves real property located at NSFIH, which is in this district. *See id.* ¶ 4.

Plaintiff alleges that Defendants entered into a Lease Agreement with Plaintiff on or about September 26, 2018, and that, under the Lease Agreement, Defendants were required to pay monthly rent in the amount of $2,199.00, but they failed to do so. ECF No. 1 ¶ 5–6. Plaintiff further alleges that it provided Defendants notice of their delinquent balance and the opportunity to satisfy it, but Defendants did not. *Id.* ¶ 8–9; ECF No. 1-3. Thus, assuming the truth of the well-pleaded allegations in the Complaint, Plaintiff has established Defendants' liability under the Lease Agreement.

Plaintiff initially sought both an order of eviction and a monetary judgment for unpaid rent, late charges, attorneys' fees, and court costs. ECF No. 1 ¶ 10. However, since the filing of the Complaint, Defendants have vacated the premises. ECF No. 10 at 2. Plaintiff therefore only seeks a monetary judgment in its Motion for Default Judgment. *Id.*; *see also* ECF No. 10-4.

In support of its request for damages, Plaintiff submits a copy of Defendants' account ledger, reflecting the balance from September 28, 2018, through January 24, 2020. ECF No. 10-2. Plaintiff also submits an Affidavit by Maureen Van Besien, Regional Manager for LPC and Managing Agent for Riverview Village Apartments. ECF No. 10-1. The ledger and Affidavit indicate that $16,916.10 in rent and other charges remains delinquent. ECF No. 10-1 at 2; ECF

No. 10-2 at 2. Therefore, having reviewed Plaintiff's supporting documentation, the Court finds Defendants owe $16,916.10 in unpaid rent and other charges.

In support of Plaintiff's request for attorneys' fees and costs in an amount of $1,916.46, Plaintiff attaches the Affidavit of attorney Ava N. Brown. ECF No. 10-3. The Affidavit does not specify the hours spent on each task, counsel's billable rate, or whether anyone other than counsel performed the listed tasks. *Cf.* Local Rule App. B (D. Md. 2018). The Court thus finds Plaintiff's supporting documentation in support of an award of attorneys' fees insufficient but grants Plaintiff leave to file, within fourteen days of the accompanying Order, a more detailed affidavit supporting their request for costs, expenses, and reasonable attorneys' fees. *See Hyatt v. Johns*, No. GJH-16-2912, 2016 WL 8673870, at *3 (D. Md. Oct. 14, 2016) (citing *Robinson v. Equifax Information Services LLC*, 560 F.3d 235, 243 (4th Cir. 2009)).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 10, is granted, in part, and denied, in part. Judgment is entered against Defendants in the total amount of $16,916.10, but Plaintiff shall submit a more detailed affidavit in support of its request for attorneys' fees and costs. Additionally, post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961. A separate Order shall issue.

Dated: January 25, 2021                                              /s/
                                                              GEORGE J. HAZEL
                                                              United States District Judge